## ELIZA ROSE *v.* LOUISVILLE, NEW ORLEANS & TEXAS RAILWAY CO.

1. DAMAGES. *Implied from tort. Instruction.*

   In an action of tort, it is error to instruct that if plaintiff has failed to prove any "damages, either actual or possible, the verdict should be for defendant." The law implies damages for every wrong.

2. RAILROADS. *Waiting-room. Expulsion of passenger. Master and servant.*

   Where plaintiff, a colored woman, sues a railroad company for damages for being wrongfully and violently ejected from the waiting-room for whites, an instruction is erroneous that announces non-liability, merely if plaintiff was expelled by a peace-officer, there being certain evidence that he was acting under direction of defendant's servants, and, while so acting, used unnecessary violence.

3. SAME. *Manner of expulsion. Instruction.*

   It is likewise error to instruct that if plaintiff entered and occupied the waiting-room set apart for whites she cannot recover, if a separate and suitable waiting-room was provided for colored people, since this instruction ignores the ground of complaint that she was ejected in a violent and improper manner.

4. SAME. *Separate waiting-rooms. Convenience.*

   There being evidence that the waiting-room for colored people was more than one hundred yards from the station proper, an instruction that denies the right of plaintiff, a colored woman, to enter the waiting-room for whites, if there was a "suitable or comfortable" waiting-room for colored people, is objectionable as ignoring the question of distance.

From the circuit court of Washington county.

Hon. R. W. Williamson, Judge.

Appellant, Eliza Rose, a colored woman, brought this action for damages against the Louisville, New Orleans & Texas Railway Company for forcibly ejecting her from the waiting-room for whites at Leland, Mississippi, a station on defendant's railroad. The declaration alleges that defendant failed to provide a suitable and convenient waiting-room for colored people; that plaintiff, being a passenger from Greenville to Anguilla, stations on said railroad, was compelled to change cars at Leland, and wait for the south-bound train, which was late; that, on alighting from the train, she saw no waiting-room for colored people, and, having applied to the conductor, he showed her where it was, some one hundred and twenty-five yards distant from the station proper, telling her also that she did not have time to go there and walk back, as her train would be due in two or three minutes; that the train, however, was late, and did not arrive for some time; that the night was cold and damp, and plaintiff, finding no other suitable place, and having her infant with her, went into and occupied the waiting-room for whites, whereupon, without fault on her part, she was forcibly ejected from said room by defendant's servants, or at their suggestion, and was abused and beaten.

The defendant, after demurrer overruled, pleaded not guilty, and the cause proceeded to trial. It is not deemed necessary to set out the evidence. The plaintiff introduced some testimony to support all the material allegations in the declaration. It was shown that the waiting-room for colored people was in a separate building, about one hundred and twenty-five yards from the main station and usual stopping-place of passenger-trains at Leland, and there was some testimony that it was little used, and that on the night in question it was not provided with a fire. There was evidence that plaintiff was ejected by the marshal of Leland, a peace-officer, but there was also evidence tending to show that in

so doing he was acting at the suggestion of the employes of the defendant.

The instructions granted for defendant, which are passed on in the opinion, are as follows:

1. "The court instructs the jury that the plaintiff in this cause can only recover such damages as she has, by the evidence produced before them, shown that she has sustained; and that if plaintiff has failed to prove that she has sustained either actual or possible damages, they will find for the defendant.

3. "The court instructs the jury that the marshal of Leland was an officer of the law, and, as such, was authorized to remove plaintiff from the waiting-room provided and set apart at that place, by defendant, for white people, if they believe from the evidence that the defendant, in January, 1890, had provided and set apart separate and suitable rooms for the white and colored races at Leland, and that plaintiff was a colored woman; and that the defendant is not liable in damages because of the removal of plaintiff from the waiting-room set apart for white people by said officers, and her subsequent arrest.

4. "The court instructs the jury that although they may believe from the evidence that the defendant failed to provide suitable and convenient waiting-rooms for passengers at Leland, the plaintiff cannot recover damages therefor beyond or more than they believe she has shown by the evidence that she has sustained; and that, if plaintiff has failed to prove that she has sustained damages, they will find for the defendant, unless they believe from the evidence she is entitled to punitory damages.

5. "The court instructs the jury that, although they may believe from the evidence that the waiting-room at Leland provided and set apart by the defendant for colored people, was not as convenient as that provided for white people, yet, that they did not authorize plaintiff to enter and occupy the waiting-room set apart at that place by defendant for white

people; and, if they believe from the evidence that a suitable waiting-room was provided by defendant for colored people, and that plaintiff entered and occupied that one set apart for white people, they will find for the defendant."

For the plaintiff, court gave, among other instructions, the following, the words in italics being modifications by the court:

" The court instructs the jury, at the request of the plaintiff, that if they believe from the evidence that the plaintiff was a passenger on defendant's train from Greenville, Miss., to Anguilla, Miss., and had paid the amount of fare charged and demanded by defendant, and that she was carried by defendant to Leland, and that defendant's trains were so run that plaintiff had to change cars at Leland to go to Anguilla, and that defendant's south-bound trains on the main line did not so connect so as plaintiff could pass immediately from one train to another, without waiting for said south-bound train on the main line, and that plaintiff was compelled to wait at Leland for said train on the main line, and that defendant's train usually stopped at the hotel for passengers to get off and on said train, and that plaintiff was informed by the conductor of defendant that she did not have time to go up to the upper depot, and return, in time to. get on said south-bound train on the main line, and that defendant did not have a suitable *and comfortable* waiting-room for colored passengers at or near enough to the place where the train on said main line stopped for passengers, and that there was no suitable *or comfortable waiting*-room for colored people in which plaintiff could wait for said train, and that by reason of such failure of defendant to furnish *such* waiting-room for plaintiff and other colored passengers, plaintiff was compelled to wait out in the weather with her child, they ought to find for plaintiff, and assess such damages as they believe, from all the circumstances and facts *in evidence,* she is entitled to, not to exceed twenty-five hundred dollars."

The trial resulted in a verdict for the defendant. Judg-

ment accordingly, and, after motion for new trial overruled, plaintiff appeals.

*G. W. Thomas*, for appellant.

Plaintiff's first instruction was complete before modification, and it was error to modify it.

The first instruction given for the defendant is misleading, and the second and third are upon the weight of evidence.

*Mayes & Harris*, for appellee.

The modification of plaintiff's first instruction by inserting the words " or comfortable waiting-room," was a modification of a clause which should have been stricken out altogether. It is not denied that there was a separate waiting-room for colored people, and that plaintiff knew where is was. The only controversy was about its remoteness from the usual stopping-place, and, in an incidental way, about its comfort. All of this is sufficiently and fully adverted to in the preceding part of the instruction. As the plaintiff was not entitled, to the instruction as written, she cannot complain that the court modified it.

There is no error in the instructions for defendant. Counsel for appellant, in his brief, does not suggest why or how they are erroneous. The whole inquiry before the jury was one of fact. Under full instructions, the jury has found for the defendant, and the verdict should not be disturbed.

CAMPBELL, C. J., delivered the opinion of the court.

We would affirm this judgment but for erroneous instructions for the defendant. The first contains the erroneous proposition that it was necessary for the plaintiff to prove that she had sustained damages. Not so. · The law implies damages for every wrong. The third instruction announces non-liability of the defendant, if the plaintiff was ejected from the waiting-room by an officer, without regard to the inquiry whether the officer acted under the direction of the

servant of the defendant, and in what manner the removal was effected. The fourth is subject to the vice of the first. The fifth is objectionable, in. that it directs a verdict for the defendant without reference to the manner of plaintiff's ejection from the waiting-room for whites: The right. to eject should be exercised in a proper way, and that this was not done was one of the matters in dispute.

The second modification by the court of the first instruction for the plaintiff by the words "or comfortable waiting," as applied to the waiting-room for colored people, is subject to the criticism that it ignores distance, and had better be avoided on another trial.

*Reversed and remanded.*